# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 08 CR 3611 JM |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS INDICTMENT** |
| vs. | Doc. No. 15 (Motion 15-2) |
| CELCIO JAVIER PEREZ-VILLANUEVA, | |
| Defendant. | |

On October 10, 2008, Defendant Celcio Javier Perez-Villanueva ("Defendant") was indicted on one count of being a "Deported Alien Found in the United States" pursuant to both 8 U.S.C. § 1326(a) and § 1326(b). Pending before the court is Defendant's motion to dismiss the indictment due to invalid deportation under 8 U.S.C. § 1326(d). (Doc. No. 15, Mot. 15-2.) During proceedings before the court on January 16, 2009, the motion was continued and the government was given two weeks' leave to file additional evidence regarding the nature of Defendant's underlying conviction. (Doc. No. 17.) The government submitted two supplemental briefs along with supporting documentation. (Doc. Nos. 19 and 20.)

Section 1326(d) governs collateral attacks on deportations, requiring a defendant to show "(1) that he has exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair." U.S.

v. Ubaldo-Figueroa, 364 F.3d 1042, 1048 (9th Cir. 2003). Removal orders are fundamentally unfair when "(1) [a defendant's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." Id. To establish prejudice, a defendant "does not have to show that he actually would have been granted relief. Instead, he must only show that he had a 'plausible' ground for relief from deportation." U.S. v. Muro-Inclan, 249 F.3d 1180, 1184 (9th Cir. 2001).

Focusing on the third prong of the § 1326(d) analysis, the parties' arguments center on whether Defendant was deported as an aggravated felon following his 2001 conviction for first degree rape. Under 8 U.S.C. § 1227(a)(2)(A)(iii), any "alien who is convicted of an aggravated felony at any time after admission is deportable." Further, under 8 U.S.C. § 1228(b)(5), no alien deportable as an aggravated felon under § 1227(a)(2)(A)(iii) "shall be eligible for any relief from removal...." Thus, if Defendant was convicted of an aggravated felony, his deportation would have been a foregone conclusion, and he would not be able to demonstrate any plausible grounds for relief from deportation. See U.S. v. Garcia-Martinez, 228 F.3d 956, 963 (9th Cir. 2000).

Defendant argues his conviction under New York Penal Law § 130.35 does not qualify as an aggravated felony under either the categorical or the modified categorical approach. (Doc. No. 15-2 at 9.) Defendant bases his analysis on a review of the code section as a whole. The government counters that Defendant specifically pled guilty to subsection 1 of the statute, which amounts to a categorical aggravated felony as either a rape or a crime of violence. (Doc. No. 19, Exh. 1 at 2:17-18.) The government correctly notes the court analyzes the issue by looking at the particular provision under which Defendant was convicted rather than the broader statutory framework. Castro-Baez v. Reno, 217 F.3d 1057, 1059 (9th Cir. 2000).

The relevant New York code subsection states, "A person is guilty of rape in the first degree when he or she engages in sexual intercourse with another person...by forcible compulsion...." N.Y. Pen. L. 130.35(1). Under 8 U.S.C. § 1101, the term "aggravated felony" is defined to include "rape." 8 U.S.C. §§ 1101(a)(43)(A). With a categorical analysis, the court first defines the term "rape" by "employing the ordinary, contemporary, and common meaning of that word" and then determines whether state statute proscribes the same conduct. Castro-Baez , 217 F.3d at 1059. Rape, in its

1 common meaning, includes "unlawful sexual intercourse committed by a man with a woman not his
2 wife *through force* and against her will."  <u>See, e.g.</u>, Black's Law Dictionary (8th ed. 2004)(emphasis
3 added). This is the same conduct prohibited by N.Y. Penal Law 130.35(1). Thus, Defendant was
4 convicted of the categorical aggravated felony of rape.

5     The Immigration and Naturalization Act also defines an "aggravated felony" to include "a
6 crime of violence...for which the term of imprisonment is at least one year...." 8 U.S.C. §§
7 1101(a)(43)(F). A "crime of violence" is further defined, *inter alia*, as "an offense that has as an
8 element the use, attempted use, or threatened use of physical force against the person...." 18 U.S.C.
9 § 16(a). Comparison of this definition with N.Y. Penal Law § 130.35(1) shows the conduct for which
10 Defendant was convicted also qualifies as a categorical aggravated felony of a crime of violence.

11     Because Defendant was previously deported as an aggravated felon, he cannot show actual
12 prejudice resulting from any alleged due process violations during his prior deportation proceedings.
13 Thus, Defendant fails to make the showing for a collateral attack of his prior deportation required by
14 8 U.S.C. § 1326(d).

15     For the reasons set forth above, Defendant's motion to dismiss the indictment due to an
16 invalid deportation is **DENIED**. (Doc. No. 15, Mot. 15-2.)

17     **IT IS SO ORDERED.**

18 DATED: February 20, 2009

19                                                Hon. Jeffrey T. Miller
20                                                United States District Judge